**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001074
29-AUG-2016
03:13 PM**

NO. CAAP-14-0001074

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


DOUGLAS BITTERMAN, Petitioner-Appellant, v.
STATE OF HAWAI‘I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 12-1-0009)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

Petitioner-Appellant Douglas Bitterman appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Illegal Judgment Through a Writ of Habeas Corpus Pursuant to [Hawai‘i Rules of Penal Procedure] Rule 40," which was filed on July 22, 2014 in the Circuit Court of the Third Circuit ("Circuit Court").[1]

Bitterman asserts that (1) the Hawai‘i Paroling Authority ("HPA") failed to consider all of the factors it was required to consider under the HPA's "Guidelines for Establishing Minimum Terms of Imprisonment," July 1989, *available at* http://dps.hawaii.gov/wp-content/uploads/2012/09/HPA-Guidelines-for-Establishing-Minimum-Terms-of-Imprisonment.pdf ("HPA Guidelines"), in issuing the October 3, 2011 "Notice and Order of Fixing Minimum Term(s) of Imprisonment" ("Order")[2], (2) his appointed counsel at the minimum-term hearing provided ineffective assistance because counsel failed to present

---

[1]    The Honorable Glenn S. Hara presided.

[2]    Bitterman takes no apparent issue with the Notice of Order of Fixing Minimum Term(s) of Imprisonment dated February 15, 2012, presumably because the minimum terms set therein have expired and Bitterman remains imprisoned on the basis of his murder conviction.

mitigating factors, and (3) his appointed counsel on his Hawaiʻi Rules of Penal Procedure Rule 40 petition ("Petition") provided ineffective assistance when he failed to order a transcript of the October 2011 minimum-term hearing, which Bitterman allegedly needed in order to demonstrate that his trial counsel had failed to present mitigating circumstances during the hearing.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments they advance and the issues they raise, we resolve Bitterman's points of error as follows, and affirm:

(1) Bitterman's claim that the HPA did not consider each of the six criteria under Level III of the HPA Guidelines is without merit. Bitterman assumes that because the HPA did not address all of the criteria set forth in the HPA Guidelines in its minimum-term Order, the HPA must not have considered all of the relevant criteria. This assumption is unfounded. The HPA Guidelines only require the HPA to identify the significant criteria on which its level of punishment is based. Therefore, contrary to Bitterman's claim, the HPA's failure to address all of the criteria in its minimum-term Order does not show that the HPA failed to consider the relevant criteria.

The Order stated that the Level of Punishment for Bitterman's offenses would be Level III and noted that the significant factors affecting the decision in this case were "(1) Nature of Offense; (2) Character and Attitude of Offender With Respect to Criminal Activity or Lifestyle; [and] (3) Involvement of Offender in Instant Offense." Under Section III of the HPA Guidelines, "The Order Establishing Minimum Terms of Imprisonment (DOC # 10029) will include the specific minimum term(s) established in years and/or months, the level of punishment (Level I, II, or III) under which the inmate falls, and the significant criteria upon which the decision was based." HPA Guidelines, at 3. As such, the HPA was not required to address each of the HPA Guidelines' criteria in the Order, but only "the significant criteria upon which the decision was based," *id*. at 3, and we know of no rule or statute requiring otherwise. *Cf. e.g.*, Haw. Admin R. § 23-700-22(k) ("The [HPA] shall prepare and

2

provide the Department of Public Safety, the inmate and the inmate's attorney with a written statement of its decision and order."). Moreover, contrary to Bitterman's argument, neither *Coulter v. State*, 116 Hawaiʻi 181, 172 P.3d 493 (2007) (holding that an amended minimum-term order did not cure the original order when the amended order was issued by a new board and without sufficient explanation) nor *Hopkins v. State*, No. 29816, 2010 WL 1718805, at *4 (Hawaiʻi App. Apr. 29, 2010) (holding that the HPA failed to adequately explain its reliance on the "degree of injury/loss to person or property" factor) require the HPA to address in its Order any HPA Guideline factors not relied upon.

Thus, because there is no evidence in the record that the HPA failed to consider all of the HPA Guideline factors when setting Bitterman's minimum term of imprisonment in the Order, and because the Order lists the three factors on which its disposition is based, Bitterman's first point of error fails.

(2) In his second point of error, Bitterman contends that his counsel provided constitutionally defective assistance at the minimum-term hearing when he failed to present various factors that Bitterman argues should have mitigated his sentence:

> Petitioner was 1) terrorized, threatened, and robbed by the victim; 2) Petitioner's fiancee [ ] was gang raped by the victim and two other men; and 3) Petitioner was under additional duress due to the loss of his mother on December 1, 1995 (Three months prior to offense). There are many other aspects of Petitioner's case and life that counsel should have asserted as mitigating factors, yet the transcript is bare of any attempt to assert them.

Respondent-Appellee State of Hawaiʻi contends that "[t]he various mitigating factors Bitterman cites were presented to the HPA in the presentence reports. PSI at 4-5." We are unable, however, to locate the information which the State contends is in the presentence reports.

Bitterman claims that the transcript of the minimum-term hearing demonstrates counsel's failure to present mitigating factors. However,

> [t]he duty is incumbent on the petitioner alleging error to make the same manifest by bringing the record before the appellate court so as to disclose either that the things complained of were not done in the manner provided by law or were done in a manner prejudicial to the rights of the petitioner.

3

*State v. Hoang*, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000) (quoting *Oriemon v. Territory of Hawaii*, 13 Haw. 413, 415 (Terr. 1901)). There is no transcript of the minimum-term hearing in the record on appeal. Without the transcript, this court is unable to conclude that counsel was ineffective. *Id.* Therefore, Bitterman's second point of error fails.

(3) Finally, Bitterman's claim on appeal that Rule 40 counsel was ineffective for failing to order the transcript of the minimum-term hearing was not raised below, and therefore we decline to consider it. Haw. R. App. P. 28(b)(4); *Lales v. Wholesale Motors Co.*, 133 Hawai'i 332, 343 n.9, 328 P.3d 341, 352 n.9 (2014) (citing *Kau v. City & Cty. of Honolulu*, 104 Hawai'i 468, 474 n.6, 92 P.3d 477, 483 n.6 (2004) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal." (citation omitted))).

Therefore, the "Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Illegal Judgment through a Writ of Habeas Corpus Pursuant to HRPP Rule 40," which was filed on July 22, 2014 in the Circuit Court of the Third Circuit, is affirmed.

DATED: Honolulu, Hawai'i, August 29, 2016.

On the briefs:

Ivan L. Van Leer
for Petitioner-Appellant.

Lisa M. Itomura and
Diane K. Taira,
Deputy Attorneys General,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

4